## ACTION GROWING OUT OF THE FILING OF CHARGES OF UNPROFESSIONAL CONDUCT.

Circuit Court of Cuyahoga County.

HERMAN PREUSSER v. F. V. FAULHABER.[*]

Decided, June 18, 1909.

*Libel—Charges of Unprofessional Conduct on Part of Attorney, When Privileged.*

Charges of unprofessional conduct on the part of an attorney, filed with the clerk of a court in which the attorney practices, are privileged.

*Herman Preusser,* for plaintiff in error.

*M. P. Mooney,* contra.

HENRY, J.; WINCH, J., and MARVIN, J., concur.

The parties stand related here as they stood below. There the plaintiff in error brought action for an alleged libel contained in certain written charges against him as an attorney at law filed in the office of the clerk of the court of common pleas by the defendant in error. The charges so filed were acted upon by that court and sustained; but, upon review in this court, we held that though, by Section 563, Revised Statutes, "judges of such courts are required to cause proceedings to be instituted against any attorney at law, when it in any manner comes to the knowledge of any judge in whose court such attorney practices, that such attorney is probably guilty of any of the causes of suspension or removal," and "before any attorney is suspended or removed, written charges must be filed against him," the statutory order of procedure had not been followed. That order is, in brief, so far as it is pertinent to the present case:

1. Knowledge of the probable guilt of an attorney coming to a judge.

2. Proceedings caused by the judge to be instituted against the attorney by the appointment of a person or persons to file and prosecute charges.

---

*Affirmed without opinion, *Preusser* v. *Faulhaber*, 82 Ohio State, 466.

3.   The filing of written charges, etc.

Manifestly, therefore, the charges filed by Faulhaber against Preusser did not of themselves amount to the institution of a disbarment proceeding.   A judge of the court in the office of whose clerk the charges were filed, might, in his discretion, have treated them as bringing to his knowledge the probable guilt of the accused; whereupon it would have become his duty to cause proceedings to be instituted.   But he could not proceed to try charges which were filed without previous authority from him.

Having thus held the disbarment proceedings to have been irregular and the judgment of suspension from practice therein pronounced by the court below to have been without jurisdiction, a libel suit was begun by Preusser, in which he merely alleged that the said libelous charges against him were published by Faulhaber, without allegation as to the circumstances above set forth.   When that case came before us, we held that the charges quoted bore internal evidence of having been filed in a disbarment proceeding; and it not being alleged that such proceeding was a mere cloak maliciously employed to make the publication a privileged one, the alleged libel was not actionable.

Thereupon Preusser began a second action for libel, based upon the same charges; though the pleadings here do not disclose that any prior action for said libel was ever commenced or decided.   In this new action, he discloses all the circumstances, and adds other averments upon which he relies to escape the application of the principles announced in the former case.   He relies mainly upon the fact that the so-called charges were filed, not with any judge, but in the office of the clerk of the court of common pleas, the publication counted and relied on being to a certain deputy clerk.

We do not concur in the distinction thus attempted to be made.   In our view, the proper way to bring charges in such cases to the attention of a judge is by putting them in writing and depositing them with the clerk of the court for such action thereon as the judge must take, in case he finds the accused attorney "probably guilty."   It might be more delicate if the accusation so deposited with the clerk were left sealed for de-

livery to the judge or judges, as in the case of *Wilson* v. *Whitacre,* 4 C. C., 15; but it is neither necessary nor desirable that such charges should be whispered orally into the ear of a judge who is called to act judicially upon them.

As to the question of privilege, we need not again discuss the cases that were cited in our former opinion. Suffice it to say that we do not feel warranted in qualifying the privileged character of language used in judicial proceeding unless and until the Supreme Court shall decide that that privilege is not absolute.

The judgment is affirmed.